UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARLENE ALEXANDER; MICHAEL
ALEXANDER; GARY ALLEN; MARSCHA
ALLEN; ANTHONY ALVERNAZ; JENNIFER
ALVERNAZ; FRANK AMBROSE; ELIZABETH
AMBROSE; HAROLD BARTZ; ELISABETH
BARTZ; JAMES BEHRMAN; DOREEN
BEHRMAN; EDWARD BENNETT; GLORIA
BENNETT; ANN BLODGETT; MATT BOGDAN;
JOANNE BOGDAN; RICHARD BRAUTIGAM;
MARIA BRAUTIGAM; JAMES BROWN as
Trustee of the Brown Family Trust;
BERNADETTE BROWN as Trustee of the
Brown Family Trust; IRENE BUDNEY;
MICHAEL BUINISKIS; MARIKAY BUINISKIS;
TIMOTHY BURNETT; NANCY BURNETT;
KIMBERLY A. BURRIS; THOMAS Q.
CARPENTER; DIANE H. CARPENTER;
JUDITH CATLIN; STEPHEN CATLIN; BRENDA
CATLIN; JUSTIN CLARK; JON CLARK; DANE
CLARK; JEFFREY COLEMAN; BRENDA
COLEMAN; JAMES COLLINS; JUDITH
COLLINS; GAYLORD CONRAD as a Trustee of
the Conrad Living Trust; TERRY CONRAD as a
Trustee of the Conrad Living Trust; WILLIAM E.
CORSON, JR; JUDITH A. CORSON; JAMES V.
CRAIN, JR.; MICHELLE M. CRAIN; STEVEN
CROSSEN; MICHAEL D'ALOISIO; BRYSON
DAVIS; ROSE DAVIS; MARK DEMETROS;
ALVIN DEMING; WILLIAM O. EICHHORN;
DOROTHY E. EICHHORN; KEVIN T. EVANEK;
BRENDA M. EVANEK; JOSEPH M.
FABREGAS; JUDITH A. FABREGAS; ROBERT
FARNHAM; LARRY FERGUSON; DEBORAH
FERGUSON; BARBARA FRECHETTE; KAREN
L. GARRITY; PAUL E. GREEN; BARBARA E.
GREEN; RICHARD GUMBLE; PEDRO
GUTIERREZ; RUSSELL A. HAMILTON;
GRACE A. HAMILTON; LINDA HAMMOND;
JOHN M. HANSEN; KATHY L. HANSEN;
ROYICE ANN HARFORD; EMMA
HARSH-HARNER; JAMES HARZINSKI;
SANDRA HARZINSKI; ALLEN HOPKINS;

MARY TARTANIAN; KENT HOWELL; EILEEN
HOWELL; GARY HUDOCK; ROBIN HUDOCK;
ROY HUHTA; MARGARET HUHTA;
ELIZABETH J. HUNT; DALE JACKSON;
PATRICIA A. JACKSON; BRYCE J. JACKSON;
MICHELLE JENKINS-PARASTAN; MICHAEL
JOYCE; KATHLEEN JOYCE; NORMA JOYCE;
MAUDE KLOSSNER as Trustee of the Maude
Klossner Revocable Trust; ROBERT W.
KLOSSNER; KATHLEEN KLOSSNER;
STEPHEN J. KMAN; STEPHEN KMAN, II;
GLORIA C. KNAPP; HAROLD KNAPP; NANCY
KOBYLARZ; WALTER KOBYLARZ; HAROLD
KOSTER; JOAN KOSTER; STEPHEN J.
KUTNEY, JR.; HENRY KWIATKOWSKI; LBK
PROPERTIES, INC.; CATHY LANNING;
MICHAEL LANNING; ANTHONY LIPKA;
NETTIE LIPKA; DENISE ARMAGNO; TONI
DABLAN; ROBERT R. LORD; LAWRENCE R.
MAIER; LINETTE MARSCHALL; WILLIAM
MARSCHALL; SCOTT MCQUEEN; DAVE
MOLYNEAUX; JULIE MONELL; MATTHEW
MONELL; ALEX MUEHL; ANN MARIE MUEHL;
DEBRAH MUSKA; ANITA NABER; NEWARK
VALLEY GOLF CLUB, INC.; ANTHONY M.
NIETO; ANTHONY M. NIETO, III; JOSEPH
NIETO; JOYCE NIETO; NICOLE NIETO;
THOMAS J. OVEN; DIANNE J. PAIGE; KEVIN
C. PAIGE; EARL PAUGH; GALE PAUGH; RITA
PEACOCK; CHARLES PEARSALL; RUTH
ELLEN PEARSALL; MICHAEL PERRY; NANCY
PERRY; SAXTON FRANKLIN as Trustee of the
Franklin W. and Suzanne F. Saxton Family
Trust dated November 6, 2002; LARRY E.
PETERSON; REBECCA PETERSON formerly
known as REBECCA STREETER; FRANCES
PHILLEY; JASON PIPHER; DOROTHY MAE
RAPP; BRENDA RHODES; DOUGLAS
RHODES; LUCILLE RHODES; MARGARET M.
RICHARDS as a Trustee for the Richards
Family Trust; RAYMOND R. RICHARDS as a
Trustee for the Richards Family Trust; LELAND
E. RIDER as a Trustee of the Leland Rider and
Marjorie V. Rider Declaration and Trust;
MARJORIE V. RIDER as a Trustee of the

Leland Rider and Marjorie V. Rider Declaration
and Trust; BRIAN RIECHERS; IRENE
RIECHERS; ANDREW J. ROBINSON;
ARTHUR W. ROBINSON as Trustee of the
Arthur W. Robinson Living Trust dated 5/18/06;
BRUCE R. ROBINSON as Trustee of the Bruce
R. Robinson Living Trust dated 5/27/06;
STEVEN E. ROBINSON; GARY ROCKWELL;
JEANINE ROCKWELL; GARY E. ROZELLE;
CHERYL SACCO formerly known as CHERYL
INSINGA; HELEN SACCO; JOHN SACCO;
MIKE SACCO; SUSAN J. SAUNDERS; GARY
SCHOONOVER; HELEN SCHOONOVER;
NICK SCHOONOVER; SUZANNE YANUZZI;
KAREN A. COULTER; SUSAN NICHOLSON;
GLENN SCOTT; DAVID SHAFER; STEPHEN
SHAFER; JOAN SHAVER; RAY SHAVER;
ALOYSUIS E. SHIPMAN; PATRICIA SHIPMAN;
STEPHEN SHIPMAN; VALERIE J. SHIPMAN;
KENNETH W. SHORT; RUSSELL SHOULTES;
CHAD SHOWERS; JUDITH SHOWERS; KEVIN
SLAUGHTER; DOUGLAS SPARKS;
JACQUELINE SPARKS; KENNETH
ALEXANDER as Owner; VERNA ALEXANDER
as Owner; BRIAN CAIN; LUCINDA HANBURY
as Administrator of the Estate of Robert
Hanbury; ST. NICK'S FOREST, LLC; DAVID
STACK as purchaser of Property currently
owned by KENNETH & VERNA ALEXANDER;
ROSE STACK as purchaser of property
currently owned by KENNETH & VERNA
ALEXANDER; BENJAMIN STERNBERG; DEB
STOUGHTON; TIM STOUGHTON; BRIAN
STOUT; JOSEPH F. STOUT; MARCIA STOUT;
CLAUDE STRIFE; DIANE STRIFE; ANNA
MARIE SULLIVAN; LAURENCE SULLIVAN;
ANNA SZANTO; ARPAD SZANTO; RICHARD
TAYLOR; VERDA TAYLOR;  DORA E.
TRUESDAIL; JESSE TRUESDAIL, JR.; JOHN
TRUESDAIL;  RALPH TRUESDAIL;
LAURENCE TURNER; JOAN VILLECCO;
JOSEPH VILLECCO; DANIEL R. VOUGH;
LINDA R. VOUGH; HAROLD VRABEL also
known as HAROLD VARBEL; KAREN AUNE;
RALPH WALKER; BRIAN WANCK; GERALD

- 3 -

WANCK; GLENN WANCK; JACQUELINE
WANCK; KEVIN WANCK; TAMARA WANCK;
WANDA WANCK; GERALD WEED; MARTINA
WEED; MARION WEISSE; GEORGIA
WESTGATE; ROGER WESTGATE; BARBARA
WILLETT; RICHARD WILLETT; ROBERT L.
WOODBURN; DANIEL WOODRUFF; YVONNE
WOODRUFF; DONALD ZIMMER; MARY
ZIMMER; BRIAN ZORN; JERRINE ZORN;
ADAM S. BURCH, JR. as Co-Trustee of the
Burch, Jr. Family Trust; GERTRUDE S. BURCH
as Co-Trustee of the Burch, Jr. Family Trust;
CARL P. DEYO; DIANE DEYO; DANIEL P.
FLANAGAN; LAURIE GANOUNG; STEVEN
GANOUNG; JACK GROB; DONALD L. PERRY
individually and as Co-Trustee of the Sandra L.
Perry Revocable Living Trust; SANDRA L.
PERRY individually and as Co-Trustee of the
Sandra L. Perry Revocable Living Trust;
RICHARD A. RIDGEWAY, JR.; JOYCE A.
WHITE; PETER C. WHITE; KENNETH
HERZL-BETZ; and LOUISE HERZL-BETZ,

                                 Plaintiffs,

               -v-                                    3:11–CV–308

CHESAPEAKE APPALACHIA, LLC and
STATOILHYDRO USA ONSHORE
PROPERTIES, INC.,

                                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

COUGHLIN & GERHART, LLP          ROBERT R. JONES, ESQ.
Attorneys for Plaintiffs
19 Chenango Street
P.O. Box 2039
Binghamton, NY 13902

THE WEST FIRM, LLP               THOMAS S. WEST, ESQ.
Attorneys for Defendant Chesapeake

Appalachia, LLC
677 Broadway, 8th Floor
Albany, NY 12207

FULBRIGHT & JAWORSKI L.L.P.                    JEREMY A. MERCER, ESQ.
Attorneys for Defendant Statoilhydro
    USA Onshore Properties, Inc.
370 Southpointe Boulevard, Suite 300
Canonsburg, PA 15317

1200 17th Street , Suite 1000                      L. POE LEGGETTE, ESQ.
Denver, CO 80202

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Plaintiffs Arlene and Michael Alexander and other landowners[1] (collectively "plaintiffs") brought this action against Chesapeake Appalachia, LLC ("Chesapeake") and Statoilhydro USA Onshore Properties, Inc. ("Statoil") (collectively "defendants"), seeking a declaration that plaintiffs' leases with defendants expired based on the primary lease term; that the covenants clause in the leases does not extend the primary lease term; that no force majeure event exists which extends the leases; that the leases are void for a failure of consideration; that defendants failed to make prescribed payments as required by the leases; and that defendants failed to invoke force majeure during the lease term. See Second Am. Compl..  Finally, plaintiffs charge defendants with violating New York General Business Law section 349 and assert a claim for conversion of their oil and gas rights. Id.

---

[1] There are over 200 named plaintiffs in this action, many of whom are husband and wife.  For brevity, all plaintiffs named in the caption will not be repeated here.

Defendants moved to compel arbitration as to those plaintiffs whose leases contained an arbitration clause.[2]  On March 20, 2012, defendants' motion was granted and arbitration was compelled.  Alexander v. Chesapeake Appalachia, LLC, 839 F. Supp. 2d 544 (N.D.N.Y. 2012).  Since that date, no arbitration has taken place.  On February 15, 2013, the parties provided the court with an update regarding the status of arbitration.  Dkt. Nos. 48, 49.  It appears that both sides think the other has the burden of initiating the arbitration process.

As stated in the March 20, 2012, Memorandum-Decision and Order:

> The arbitration provision at issue here is extremely broad and requires the parties to arbitrate "a disagreement between Lessor and Lessee concerning this lease, performance thereunder, or damages caused by Lessee's operations."  See Lease A.  Because the term "a disagreement" is not qualified nor excludes any specific type of dispute, all of the causes of action asserted in the complaint fall within the scope of the arbitration clause because they concern the lease, performance thereunder, or damages.

Alexander, 839 F. Supp. 2d at 553.  As all claims in the Second Amended Complaint are within the scope of the arbitration agreement, and defendants' motion to compel arbitration was granted, there are no remaining issues to litigate.  The Second Amended Complaint will be dismissed without prejudice.  See Borden v. Wavecrest Mgmt. Team Ltd., No. 11–CV–6737, 2012 WL 3518067, at *3 (S.D.N.Y. Aug. 13, 2012) ("[W]hen the parties' entire dispute is arbitrable and neither side has sought a stay pending arbitration, a court may dismiss the action since no useful purpose will be served by granting a stay.") (internal quotation marks omitted); Milgrim v. Backroads, Inc., 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001) ("[C]ourts have the discretion to dismiss—rather than stay—an action when all of the

---

[2]  All but two leases in this action contained an arbitration clause.  Plaintiffs James, Peter, and George Hidock entered into two oil and gas leases with defendants.  Those leases did not contain an arbitration clause.  When defendants' motion to compel arbitration was granted, a stay was also granted as to the Hidocks' claims.  The Hidocks have since stipulated to a discontinuance of their claims.  Dkt. No. 47.

issues in it must be arbitrated."), aff'd, 91 F. App'x 702 (2d Cir. June 21, 2002) (summary order).  The parties are directed to arbitrate in accordance with the terms of the arbitration clause.[3]

Therefore, it is

ORDERED that the case is dismissed.  The Clerk is directed to close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  February 21, 2013.
          Utica, New York.

---

[3]  The arbitration clause reads:

ARBITRATION:  In the event of a disagreement between Lessor and Lessee concerning this lease, performance thereunder, or damages caused by Lessee's operation, settlement shall be determined by a panel of three disinterested arbitrators.  Lessor and Lessee shall appoint and pay the fee of one each, and the two so appointed shall appoint the third, whose fee shall be borne equally by Lessor and Lessee.  The award shall be by unanimous decision of the arbitrators and shall be final.

See e.g., Second Am. Compl., Ex. 2 ("Lease A").