UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARLENE ALEXANDER; MICHAEL ALEXANDER; GARY ALLEN; MARSCHA ALLEN; ANTHONY ALVERNAZ; JENNIFER ALVERNAZ; FRANK AMBROSE; ELIZABETH AMBROSE; HAROLD BARTZ; ELISABETH BARTZ; JAMES BEHRMAN; DOREEN BEHRMAN; EDWARD BENNETT; GLORIA BENNETT; ANN BLODGETT; MATT BOGDAN; JOANNE BOGDAN; RICHARD BRAUTIGAM; MARIA BRAUTIGAM; JAMES BROWN as Trustee of the Brown Family Trust; BERNADETTE BROWN as Trustee of the Brown Family Trust; IRENE BUDNEY; MICHAEL BUINISKIS; MARIKAY BUINISKIS; TIMOTHY BURNETT; NANCY BURNETT; KIMBERLY A. BURRIS; THOMAS Q. CARPENTER; DIANE H. CARPENTER; JUDITH CATLIN; STEPHEN CATLIN; BRENDA CATLIN; JUSTIN CLARK; JON CLARK; DANE CLARK; JEFFREY COLEMAN; BRENDA COLEMAN; JAMES COLLINS; JUDITH COLLINS; GAYLORD CONRAD as a Trustee of the Conrad Living Trust; TERRY CONRAD as a Trustee of the Conrad Living Trust; WILLIAM E. CORSON, JR; JUDITH A. CORSON; JAMES V. CRAIN, JR.; MICHELLE M. CRAIN; STEVEN CROSSEN; MICHAEL D'ALOISIO; BRYSON DAVIS; ROSE DAVIS; MARK DEMETROS; ALVIN DEMING; WILLIAM O. EICHHORN; DOROTHY E. EICHHORN; KEVIN T. EVANEK; BRENDA M. EVANEK; JOSEPH M. FABREGAS; JUDITH A. FABREGAS; ROBERT FARNHAM; LARRY FERGUSON; DEBORAH FERGUSON; BARBARA FRECHETTE; KAREN L. GARRITY; PAUL E. GREEN; BARBARA E. GREEN; RICHARD GUMBLE; PEDRO GUTIERREZ; RUSSELL A. HAMILTON; GRACE A. HAMILTON; LINDA HAMMOND; JOHN M. HANSEN; KATHY L. HANSEN; ROYICE ANN HARFORD; EMMA HARSH-HARNER; JAMES HARZINSKI; SANDRA HARZINSKI; ALLEN HOPKINS;

MARY TARTANIAN; KENT HOWELL; EILEEN HOWELL; GARY HUDOCK; ROBIN HUDOCK; ROY HUHTA; MARGARET HUHTA; ELIZABETH J. HUNT; DALE JACKSON; PATRICIA A. JACKSON; BRYCE J. JACKSON; MICHELLE JENKINS-PARASTAN; MICHAEL JOYCE; KATHLEEN JOYCE; NORMA JOYCE; MAUDE KLOSSNER as Trustee of the Maude Klossner Revocable Trust; ROBERT W. KLOSSNER; KATHLEEN KLOSSNER; STEPHEN J. KMAN; STEPHEN KMAN, II; GLORIA C. KNAPP; HAROLD KNAPP; NANCY KOBYLARZ; WALTER KOBYLARZ; HAROLD KOSTER; JOAN KOSTER; STEPHEN J. KUTNEY, JR.; HENRY KWIATKOWSKI; LBK PROPERTIES, INC.; CATHY LANNING; MICHAEL LANNING; ANTHONY LIPKA; NETTIE LIPKA; DENISE ARMAGNO; TONI DABLAN; ROBERT R. LORD; LAWRENCE R. MAIER; LINETTE MARSCHALL; WILLIAM MARSCHALL; SCOTT MCQUEEN; DAVE MOLYNEAUX; JULIE MONELL; MATTHEW MONELL; ALEX MUEHL; ANN MARIE MUEHL; DEBRAH MUSKA; ANITA NABER; NEWARK VALLEY GOLF CLUB, INC.; ANTHONY M. NIETO; ANTHONY M. NIETO, III; JOSEPH NIETO; JOYCE NIETO; NICOLE NIETO; THOMAS J. OVEN; DIANNE J. PAIGE; KEVIN C. PAIGE; EARL PAUGH; GALE PAUGH; RITA PEACOCK; CHARLES PEARSALL; RUTH ELLEN PEARSALL; MICHAEL PERRY; NANCY PERRY; SAXTON FRANKLIN as Trustee of the Franklin W. and Suzanne F. Saxton Family Trust dated November 6, 2002; LARRY E. PETERSON; REBECCA PETERSON formerly known as REBECCA STREETER; FRANCES PHILLEY; JASON PIPHER; DOROTHY MAE RAPP; BRENDA RHODES; DOUGLAS RHODES; LUCILLE RHODES; MARGARET M. RICHARDS as a Trustee for the Richards Family Trust; RAYMOND R. RICHARDS as a Trustee for the Richards Family Trust; LELAND E. RIDER as a Trustee of the Leland Rider and Marjorie V. Rider Declaration and Trust; MARJORIE V. RIDER as a Trustee of the

Leland Rider and Marjorie V. Rider Declaration and Trust; BRIAN RIECHERS; IRENE RIECHERS; ANDREW J. ROBINSON; ARTHUR W. ROBINSON as Trustee of the Arthur W. Robinson Living Trust dated 5/18/06; BRUCE R. ROBINSON as Trustee of the Bruce R. Robinson Living Trust dated 5/27/06; STEVEN E. ROBINSON; GARY ROCKWELL; JEANINE ROCKWELL; GARY E. ROZELLE; CHERYL SACCO formerly known as CHERYL INSINGA; HELEN SACCO; JOHN SACCO; MIKE SACCO; SUSAN J. SAUNDERS; GARY SCHOONOVER; HELEN SCHOONOVER; NICK SCHOONOVER; SUZANNE YANUZZI; KAREN A. COULTER; SUSAN NICHOLSON; GLENN SCOTT; DAVID SHAFER; STEPHEN SHAFER; JOAN SHAVER; RAY SHAVER; ALOYSUIS E. SHIPMAN; PATRICIA SHIPMAN; STEPHEN SHIPMAN; VALERIE J. SHIPMAN; KENNETH W. SHORT; RUSSELL SHOULTES; CHAD SHOWERS; JUDITH SHOWERS; KEVIN SLAUGHTER; DOUGLAS SPARKS; JACQUELINE SPARKS; KENNETH ALEXANDER as Owner; VERNA ALEXANDER as Owner; BRIAN CAIN; LUCINDA HANBURY as Administrator of the Estate of Robert Hanbury; ST. NICK'S FOREST, LLC; DAVID STACK as purchaser of Property currently owned by KENNETH & VERNA ALEXANDER; ROSE STACK as purchaser of property currently owned by KENNETH & VERNA ALEXANDER; BENJAMIN STERNBERG; DEB STOUGHTON; TIM STOUGHTON; BRIAN STOUT; JOSEPH F. STOUT; MARCIA STOUT; CLAUDE STRIFE; DIANE STRIFE; ANNA MARIE SULLIVAN; LAURENCE SULLIVAN; ANNA SZANTO; ARPAD SZANTO; RICHARD TAYLOR; VERDA TAYLOR;  DORA E. TRUESDAIL; JESSE TRUESDAIL, JR.; JOHN TRUESDAIL;  RALPH TRUESDAIL; LAURENCE TURNER; JOAN VILLECCO; JOSEPH VILLECCO; DANIEL R. VOUGH; LINDA R. VOUGH; HAROLD VRABEL also known as HAROLD VARBEL; KAREN AUNE; RALPH WALKER; BRIAN WANCK; GERALD

WANCK; GLENN WANCK; JACQUELINE
WANCK; KEVIN WANCK; TAMARA WANCK;
WANDA WANCK; GERALD WEED; MARTINA
WEED; MARION WEISSE; GEORGIA
WESTGATE; ROGER WESTGATE; BARBARA
WILLETT; RICHARD WILLETT; ROBERT L.
WOODBURN; DANIEL WOODRUFF; YVONNE
WOODRUFF; DONALD ZIMMER; MARY
ZIMMER; BRIAN ZORN; JERRINE ZORN;
ADAM S. BURCH, JR. as Co-Trustee of the
Burch, Jr. Family Trust; GERTRUDE S. BURCH
as Co-Trustee of the Burch, Jr. Family Trust;
CARL P. DEYO; DIANE DEYO; DANIEL P.
FLANAGAN; LAURIE GANOUNG; STEVEN
GANOUNG; JACK GROB; DONALD L. PERRY
individually and as Co-Trustee of the Sandra L.
Perry Revocable Living Trust; SANDRA L.
PERRY individually and as Co-Trustee of the
Sandra L. Perry Revocable Living Trust;
RICHARD A. RIDGEWAY, JR.; JOYCE A.
WHITE; PETER C. WHITE; KENNETH
HERZL-BETZ; and LOUISE HERZL-BETZ,

                        Plaintiffs,

        -v-                                    3:11–CV–308

CHESAPEAKE APPALACHIA, LLC and
STATOILHYDRO USA ONSHORE
PROPERTIES, INC.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| COUGHLIN & GERHART, LLP<br>Attorneys for Plaintiffs<br>19 Chenango Street<br>P.O. Box 2039<br>Binghamton, NY 13902 | ROBERT R. JONES, ESQ. |
| THE WEST FIRM, LLP<br>Attorneys for Defendant Chesapeake | THOMAS S. WEST, ESQ. |

```
     Appalachia, LLC
677 Broadway, 8th Floor
Albany, NY 12207

FULBRIGHT & JAWORSKI L.L.P.               JEREMY A. MERCER, ESQ.
Attorneys for Defendant Statoilhydro
     USA Onshore Properties, Inc.
370 Southpointe Boulevard, Suite 300
Canonsburg, PA 15317

1200 17th Street , Suite 1000             L. POE LEGGETTE, ESQ.
Denver, CO 80202
```

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

Plaintiffs Arlene and Michael Alexander and other landowners[1] (collectively "plaintiffs") brought this action against Chesapeake Appalachia, LLC ("Chesapeake") and Statoilhydro USA Onshore Properties, Inc. ("Statoil") (collectively "defendants"), seeking a declaration that plaintiffs' leases with defendants expired based on the primary lease term; that the covenants clause in the leases does not extend the primary lease term; that no force majeure event exists which extends the leases; that the leases are void for a failure of consideration; that defendants failed to make prescribed payments as required by the leases; and that defendants failed to invoke force majeure during the lease term. See Second Am. Compl..  Finally, plaintiffs charge defendants with violating New York General Business Law section 349 and assert a claim for conversion of their oil and gas rights. Id.

---

[1] There are over 200 named plaintiffs in this action, many of whom are husband and wife. For brevity, all plaintiffs named in the caption will not be repeated here.

Defendants moved to compel arbitration as to those plaintiffs whose leases contained an arbitration clause.[2] On March 20, 2012, defendants' motion was granted and arbitration was compelled. Alexander v. Chesapeake Appalachia, LLC, 839 F. Supp. 2d 544 (N.D.N.Y. 2012). Since that date, no arbitration has taken place. On February 15, 2013, the parties provided the court with an update regarding the status of arbitration. Dkt. Nos. 48, 49. It appears that both sides think the other has the burden of initiating the arbitration process.

As stated in the March 20, 2012, Memorandum-Decision and Order:

> The arbitration provision at issue here is extremely broad and requires the parties to arbitrate "a disagreement between Lessor and Lessee concerning this lease, performance thereunder, or damages caused by Lessee's operations." See Lease A. Because the term "a disagreement" is not qualified nor excludes any specific type of dispute, all of the causes of action asserted in the complaint fall within the scope of the arbitration clause because they concern the lease, performance thereunder, or damages.

Alexander, 839 F. Supp. 2d at 553. As all claims in the Second Amended Complaint are within the scope of the arbitration agreement, and defendants' motion to compel arbitration was granted, there are no remaining issues to litigate. The Second Amended Complaint will be dismissed without prejudice. See Borden v. Wavecrest Mgmt. Team Ltd., No. 11–CV–6737, 2012 WL 3518067, at *3 (S.D.N.Y. Aug. 13, 2012) ("[W]hen the parties' entire dispute is arbitrable and neither side has sought a stay pending arbitration, a court may dismiss the action since no useful purpose will be served by granting a stay.") (internal quotation marks omitted); Milgrim v. Backroads, Inc., 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001) ("[C]ourts have the discretion to dismiss—rather than stay—an action when all of the

---

[2] All but two leases in this action contained an arbitration clause. Plaintiffs James, Peter, and George Hidock entered into two oil and gas leases with defendants. Those leases did not contain an arbitration clause. When defendants' motion to compel arbitration was granted, a stay was also granted as to the Hidocks' claims. The Hidocks have since stipulated to a discontinuance of their claims. Dkt. No. 47.

issues in it must be arbitrated."), aff'd, 91 F. App'x 702 (2d Cir. June 21, 2002) (summary order). The parties are directed to arbitrate in accordance with the terms of the arbitration clause.[3]

Therefore, it is

ORDERED that the case is dismissed. The Clerk is directed to close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 21, 2013.
       Utica, New York.

---

[3] The arbitration clause reads:

ARBITRATION: In the event of a disagreement between Lessor and Lessee concerning this lease, performance thereunder, or damages caused by Lessee's operation, settlement shall be determined by a panel of three disinterested arbitrators. Lessor and Lessee shall appoint and pay the fee of one each, and the two so appointed shall appoint the third, whose fee shall be borne equally by Lessor and Lessee. The award shall be by unanimous decision of the arbitrators and shall be final.

See e.g., Second Am. Compl., Ex. 2 ("Lease A").